IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS OSVINDO LOPEZ VELASQUEZ, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, |
| v. |
| NUI, INC., an Illinois corporation, and WEI PING LAW, an individual, |
| Defendants. |

Case No. 1:20-cv-1890

## **COMPLAINT**

The Plaintiff, Carlos Osvindo Lopez Velasquez ("Velasquez"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Nui, Inc. and Wei Ping Law, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek while paying Plaintiff on an improper salary basis. Plaintiff is a former cook at Defendants' Niu Japanese Fusion Lounge restaurant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Velasquez is a former employee of Defendants' Nui Japanese Fusion Lounge restaurant located at 332 E. Illinois Street in Chicago, Illinois. Plaintiff Velasquez worked as a cook at Defendants' restaurant from 2015 through February 12, 2020.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, and tools, which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Nui, Inc. does business as Nui Japanese Fusion Lounge and operates the Nui Japanese Fusion Lounge restaurant located at 332 E. Illinois Street in Chicago, and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Nui, Inc. has earned more than $500,000.00 in annual gross revenue during 2017, 2018 and 2019.

9. Defendant Nui, Inc. is registered in Illinois as a corporation and its registered agent, president and principal office are located within this judicial district.

10. Defendant Wei Ping Law ("Law") is an owner of the Nui Japanese Fusion Lounge restaurant business and is the President and registered agent for the restaurant's operating company, Defendant, Nui, Inc.

11. At all times relevant to this action, Defendant Law possessed extensive oversight over Defendant Nui, Inc. and the Nui Japanese Fusion Lounge restaurant and its business

operations. Defendant Law was the ultimate decision-maker with respect to Defendant's payroll and wage and hour practices; he possessed the authority to hire and fire Defendant's employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Upon information and belief, Defendant Law resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from 2015 through approximately October, 2019, Plaintiff Velasquez regularly worked at Defendants' Nui Japanese Fusion Lounge restaurant six (6) days per week including Monday, Wednesday and Saturday from 10:30 a.m. to 3:00 p.m. and 5:00 p.m. to 9:30 p.m.; Tuesday and Thursday from 3:00 p.m. to 10:30 p.m.; and, Friday from 1:00 p.m. to 3:00 p.m. and 5:00 p.m. to 10:30 p.m. Plaintiff typically did not work on Sunday. From November, 2019 through February 12, 2020, Plaintiff no longer worked on Thursday.

14. Based on his schedule, Plaintiff regularly worked forty-nine and one half (49.5) hours in individual workweeks from 2015 through October, 2019; and forty-two (42) hours per week thereafter through February 12, 2020.

15. Defendants paid Plaintiff a bi-monthly salary on the 1st day and the 16th day of each month in the following amounts: $1,400.00 during 2019 and 2020; $1,300.00 during 2018; and $1,200.00 during 2017.

16. Defendants never compensated Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

17. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

3

18. In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff Velasquez with unreported cash and never tendered a wage or payroll statement reflecting the total hours worked during any pay period.

19. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

20. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

21. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

22. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

23. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

24. Defendants Nui, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and Defendant operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying Plaintiff's wages on an improper salary basis and paying all of Plaintiff's wages "under the table" with cash. Furthermore, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to accurately record and report the number of hours worked by Plaintiff, and otherwise violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Carlos Osvindo Lopez Velasquez, prays for a judgment against Defendants, Nui, Inc. and Wei Ping Law, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

28. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

29. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

5

30. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

31. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

32. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Carlos Osvindo Lopez Velasquez, prays for a judgment against Defendants, Nui, Inc. and Wei Ping Law, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

34. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

35. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

36. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

37. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Carlos Osvindo Lopez Velasquez, prays for a judgment against Defendants, Nui, Inc. and Wei Ping Law, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: March 19, 2020                    Respectfully submitted,

                                          Carlos Osvindo Lopez Velasquez,
                                          Plaintiff


                                          /s/ Timothy M. Nolan
                                          _____
                                          Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)  
NOLAN LAW OFFICE  
53 W. Jackson Blvd., Ste. 1137  
Chicago, IL 60604  
Tel (312) 322-1100  
tnolan@nolanwagelaw.com